```
                                                    FILED
                                              U.S. DISTRICT COURT
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
     BRUNSWICK DIVISION           2008 DEC -1  PM 3:10

                                  CLERK___R.Ask_____
                                        SO. DIST. OF GA.
```

| | |
|---|---|
| THOMAS MINCHEW, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO.: CV208-101 |
| Undersheriff RON CORBETT; Col. L. G. NEWSOME; Dr. GUNDERSON, and Nurse HIGHSMITH, | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Glynn County Detention Center in Brunswick, Georgia, has been permitted to proceed *in forma pauperis* in an action filed pursuant to 42 U.S.C.A. § 1983 contesting the conditions of his confinement. A prisoner proceeding in forma pauperis in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C.A. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F. 3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F. 3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10 (1980); <u>Mitchell</u>, 112 F. 3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that he has not been able to get a medical appointment with Defendant Gunderson. (Doc. No. 1, p. 5). Plaintiff further contends that he was placed on the dental list after complaining of soreness in his mouth, but after two months he has still not been seen. (<u>Id.</u>). Plaintiff alleges that his brother was examined by the medical staff and was taking medication prescribed to Plaintiff. Plaintiff asserts that he has medical problems with his leg and requested to be given a bottom bunk profile. Plaintiff further asserts that his requests have been denied and he has fallen twice trying to get onto his top bunk. (<u>Id.</u>).

Plaintiff names Ron Corbett and L.G. Newsome as Defendants. It appears that Plaintiff attempts to hold Defendants Corbett and Newsome liable based solely on their supervisory positions. To the extent Plaintiff seeks to hold Defendants Corbett and Newsome vicariously responsible for the alleged violations of his constitutional rights, this assertion is without merit. Plaintiff sets forth no factual allegations against Defendants Corbett and Newsome. In § 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F. 3d 797, 801 (11th Cir. 1998).

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Corbett and Newsome be **DISMISSED**.

**SO REPORTED AND RECOMMENDED**, this 1st day of December, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE